### In re APPLIEDTHEORY CORPORATION, et al.

**Yann Geron, as Chapter 11 Trustee of the Estate of AppliedTheory Corporation, et al., Appellant,**

v.

**Palladin Overseas Fund, Ltd., Halifax Fund, L.P., Palladin Partners I, L.P., Deam Convertible Arbitrage Fund, Ltd., Lancer Securities (Cayman), Ltd., Elliott International, L.P., and Elliott Associates, L.P., Appellees.**

**No. 05 CIV. 5375(NRB).**

United States District Court, S.D. New York.

Sept. 21, 2005.

Yann Geron, Fred Stevens, Fox Rothschild LLP, New York City, Counsel for AppliedTheory Corporation.

Duval & Stachenfeld LLP, New York City, Counsel for Palladin Overseas Fund, Ltd.

## ORDER AND MEMORANDUM

BUCHWALD, District Judge.

This appeal arises out of a bankruptcy proceeding concerning the dispensation of debtor AppliedTheory Corporation's assets. The appellant debtor claims the Bankruptcy Court erred in holding that the debtor's pre-filing transfer of a security interest in its assets to the appellees (the "lenders") in consideration of an antecedent debt in the form of a $30 million cash loan did not constitute a fraudulent conveyance. After reviewing the Bankruptcy Court's conclusions of law,[1] we now affirm its decision to grant summary judgment in favor of the defendant.

### FACTS

We only briefly summarize the facts, which are more fully recited in the decision appealed from. *See In re AppliedTheory Corp.*, 323 B.R. 838 (Bankr.S.D.N.Y.2005). On June 5, 2000, the lenders provided a $30 million unsecured cash loan to the debtor. In exchange, the lenders received $30 million in convertible debentures set to mature on June 5, 2003. By October 2000, the debtor had defaulted on its obligation to register the shares issuable upon conversion of the debentures. However, instead of exercising their rights under the debentures, the lenders decided to negotiate with the debtor. Two separate rounds of negotiations resulted in two revisions to the debentures, altering the change in con-

trol protections and conversion features, which occurred on January 9 and July 10, 2001. During the second set of negotiations, the lenders also agreed to loan the debtor up to $6 million under a revolving credit agreement. In order to secure both the initial loan and this subsequent loan, the lender received a security interest in all of the debtor's assets, which at that time were worth approximately $18 million. The debtor ultimately filed for bankruptcy on April 17, 2002, giving rise to this case.

### DISCUSSION

In its appeal, the appellant urges us to reject the *per se* rule consistently applied in this District, which provides that a debtor's grant of a security interest in its assets to a lender who has previously given the debtor a cash loan may not be considered a fraudulent conveyance. Instead of applying this rule, the debtor asks us to employ a fact-based analysis to determine whether the granting of a security interest to secure the antecedent debt constituted a fraudulent conveyance[2] under section 548(a)(1)(B) of the Bankruptcy Code and sections 273 and 274 of the New York Debtor and Creditor Law.[3] We decline this invitation.

In doing so, we emphasize that the rule we apply here only pertains to circumstances where the antecedent debt was an actual cash loan. As the Bankruptcy Court stated in its well-reasoned decision,

1. Because the parties entered into a stipulation regarding the underlying facts, there are no disputed issues of fact for this Court to review.

2. In many ways, the facts here are evocative of a voidable preference. Under the Bankruptcy Code, a preference is only voidable in two circumstances: first, if it is granted within 90 days of the debtor's filing for bankruptcy; and second, if it is granted within one year of filing *and* if "such creditor at the time of such transfer was an insider." *See* 11

U.S.C. § 547(b)(4). As stated in the facts, the security interest was given well over 90 days before filing and, although it was given within one year, the appellant makes no allegation that the lender was an insider. Thus, the appellant may only pursue a fraudulent conveyance claim.

3. The Bankruptcy Code provision requires a debtor who relinquishes an interest in property or any other obligation owed to a lender to receive "reasonably equivalent value" in return. *See* 11 U.S.C. § 548(a)(1)(B). The New

this case does not require consideration of whether an "antecedent debt arising from a guaranty... would give rise to a different result." *In re AppliedTheory Corp.*, 323 B.R. at 844. A transaction where a debtor who has not received any money from a guarantor decides nonetheless to grant that guarantor a security interest in the debtor's assets without any additional consideration is a situation giving rise to a greater suspicion of fraud and which might warrant a close inspection of the facts. Here, however, we must only determine whether the prior receipt of a $30 million cash loan constitutes reasonably equivalent value for the granting of a security interest in the debtor's assets.[4] Because the Bankruptcy Code explicitly defines "value" to include the "securing of a present or antecedent debt of the debtor," *see* 11 U.S.C. § 548(d)(2)(A), we need only consider whether the Bankruptcy Court correctly ruled that the $30 million loan was *per se* "reasonably equivalent" to the security interest.

Although courts in some other circuits have shown a willingness to engage in a fact-based analysis to determine whether the debtor actually received reasonably equivalent value even when there is an actual antecedent debt, we believe the wiser course is the one already followed by courts in this district. In fact, this case is remarkably similar to the circumstances before the Court in *M. Silverman Laces*, 01 Civ. 6209(DC), 2002 WL 31412465 (S.D.N.Y. Oct. 24, 2002), where the Court concluded that the debtor received reasonably equivalent value as a matter of law. Further, as Judge Chin explained, the lender's decision not to demand payment,

but rather to extend the loans, gave the debtor "an opportunity to avoid default, to facilitate its rehabilitation, and to avoid bankruptcy." *Id.* at *17. While this "breathing room" may have ultimately proved to be short-lived, both in *M. Silverman Laces* and here, that does not affect the conclusion that it was of reasonably equivalent value at the time it was given. *Id.*

### CONCLUSION

For the reasons set forth above, the decision of the Bankruptcy Court is affirmed.

**SO ORDERED.**

---

York law requires "fair consideration." *See* McKinney's Debt. & Cred. Law §§ 273, 274. Because these terms are generally used interchangeably by courts, *see In re AppliedTheory Corp.*, 323 B.R. at 840–41, we use the term "reasonably equivalent value" here to encompass the provisions of both laws.

4. While the parties do not include a specific discussion of the additional $6 million line of credit, we note that it was also part of the negotiation process.