■ JOEL J. KLEIN, Respondent-Appellant, v CAVI ACQUISITION, INC., Respondent, and LOEB HOLDING CORPORATION, Appellant-Respondent. [871 NYS2d 19]—

The memoranda of law submitted in connection with the parties' dispositive motions are not included in the record. Although, as Loeb now contends, the issue of whether the corporate veil of defendant CAVI Acquisition, Inc., a Delaware corporation, should be pierced is governed by Delaware law (*see e.g. Sweeney, Cohn, Stahl & Vaccaro v Kane*, 6 AD3d 72, 75 [2004], *lv dismissed* 3 NY3d 751 [2004]), in letter briefs submitted to Supreme Court, both parties maintained that the law to be applied was not material to the outcome. Loeb argued that petitioner's "claim is no more valid under New York law than it is under Delaware law," and petitioner asserted that, irrespective of whether Delaware law governs, "the result remains the same." Having indicated that the court's choice of applicable law was immaterial, Loeb cannot now assign as error the court's failure to decide the issue solely on the basis of Delaware law (*see Cohn v Goldman*, 76 NY 284, 287 [1879] [questions not raised before the trial court cannot be asserted as error on appeal]; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988] [same]). Indeed, Loeb continues to maintain that "[u]nder any view of New York law, Klein's claim of alter ego liability fails."

Petitioner identified an issue of fact as to Loeb's misuse of "the corporate form to operate a sophisticated shell game, shuttling assets between entities in an effort to escape the effect of any potentially adverse judgment" (*Mobil Oil Corp. v Linear Films, Inc.*, 718 F Supp 260, 270 [D Del 1989]; *Matter of Superior Leather Co. v Lipman Split Co.*, 116 AD2d 796, 797 [1986] ["intercorporate shuffling of assets and debts"]). In assessing whether Loeb is the alter ego of CAVI, "the question of domination is generally one of fact" (*Fletcher v Atex, Inc.*, 68 F3d 1451, 1458 [2d Cir 1995] [applying Delaware law]) and is thus "particularly unsuited for resolution on summary judgment" (*Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341, 342 [1996]; *see also First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 294 [1999]). As Supreme Court stated, "Issues of fact abound," and petitioner failed to establish his entitlement to summary disposition (*see First Capital Asset Mgt. v N.A. Partners*, 300 AD2d 112, 117 [2002]; *cf. Midland Interiors, Inc. v Burleigh*, 2006 WL 3783476, 2006 Del Ch LEXIS 220 [2006] [plaintiff prevailed on alter ego claim after trial]).

Petitioner does not contend that he should have been granted summary judgment on his fraudulent conveyance claim, and Loeb's contention that it should have been granted summary judgment dismissing that cause of action is unavailing. On May 25, 2004, petitioner commenced an arbitration proceeding

against Loeb and CAVI's predecessor. On May 28, 2004, Loeb and three other CAVI shareholders lent CAVI money. Eleven months later, on April 28, 2005, Loeb filed a UCC statement with respect to its portion of the loan. Loeb cites no authority for the proposition that the May 2004 loan and the April 2005 UCC filing were "essentially contemporaneous," i.e., that the loan was not antecedent. Thus, CAVI gave a security interest to its shareholders—as opposed to outsiders—with respect to an antecedent loan. Such a conveyance cannot be found, as a matter of law, to have been made for fair consideration (*see Farm Stores v School Feeding Corp.*, 102 AD2d 249 [1984], *affd* 64 NY2d 1065 [1985]; *cf. In re AppliedTheory Corp.*, 323 BR 838 [SD NY 2005], *affd* 330 BR 362 [SD NY 2005]). Concur—Tom, J.P., Saxe, Williams, Catterson and Moskowitz, JJ.