■ MMA Meadows at Green Tree, LLC, et al., Respondents, v Millrun Apartments, LLC, et al., Appellants. MCAP Robeson Apartments L.P., Nominal Party. [15 NYS3d 2]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 28, 2014, which, to the extent appealed from, denied the motion of defendants Millrun Apartments, LLC (Millrun), Municipal Capital Appreciation Partners II, L.P. (MCAP II), MCAP II Developer LLC (Developer), and Richard G. Corey (Corey) to dismiss all but counts 9 and 14 as against them and for a stay pursuant to CPLR 7503, and defendant Municipal Capital Appreciation Partners III, L.P.'s (MCAP III) motion to dismiss counts 4 and 7 as against it, unanimously modified, on the law, to grant the motions as to counts 1, 6, and 10 as against Millrun, count 2 as against MCAP II, counts 3, 8, 12, and 13 as against MCAP II and Corey, count 4 as against Millrun and Corey, count 7 as against MCAP II, Developer, Corey, and MCAP III, and count 11 as against Corey, and otherwise affirmed, without costs.

Contrary to Millrun, MCAP II, Developer, and Corey's contention, section 5.5 (C) of the partnership agreement among plaintiffs and Millrun does not require plaintiff MMA Meadows at Green Tree, LLC (MMA) to arbitrate its claims that it was fraudulently induced into paying the third installment of its capital contribution and that MCAP II, Developer, and Corey were unjustly enriched thereby (see Matter of Bunzl [Battanta], 224 AD2d 245 [1st Dept 1996]; see also Safety Natl. Cas. Co. v Cinergy Corp., 829 NE2d 986 [Ind Ct App 2005]).[1] Section 5.5—including subsection (C)—applies if MMA fails to pay an installment. MMA did not fail to do so.

---

**1.** The partnership agreement is governed by Indiana law, but New York law is also relevant because Millrun, MCAP II, Developer, and Corey moved to compel arbitration pursuant to CPLR 7503.

The motion court properly refused to dismiss the claims against MCAP III in favor of a foreclosure action pending in Indiana (*see Whitney v Whitney*, 57 NY2d 731 [1982]). The case at bar is "more comprehensive" and "offers more" than the Indiana action (*see AIG Fin. Prods. Corp. v Penncara Energy, LLC*, 83 AD3d 495, 495 [1st Dept 2011] [internal quotation marks omitted]). Indeed, the Indiana court has recognized this by staying the Indiana action in favor of the instant action.

The trustee of certain bonds, who is a party in Indiana but not here, is not a necessary party (*see* CPLR 1001 [a]). Since the Indiana action has been stayed, there is no risk of "inconsistent judgments" (*Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 458 [2005]).

Counts 3 and 12 of the complaint allege that Millrun, MCAP II, and Corey breached the partnership agreement, and counts 8 and 13 seek indemnification thereunder, although MCAP II and Corey are not parties to the partnership agreement. count 11 alleges that MCAP II and Corey breached the guaranty, although MCAP II is the sole guarantor. Count 4 alleges that Millrun, MCAP III, and Corey breached the loan and financing agreement and the indenture, although none of these defendants is a party to those contracts.[2]

Delaware law applies to plaintiffs' attempt to pierce the corporate veils of Millrun (a Delaware limited liability company) and MCAP II and III (Delaware limited partnerships) (*see e.g. Klein v CAVI Acquisition, Inc.*, 57 AD3d 376 [1st Dept 2008]). The record does not support an inference that Millrun and MCAP II and III are sham entities designed to defraud investors and creditors (*see Crosse v BCBSD, Inc.*, 836 A2d 492, 497 [Del 2003]). Nor could MCAP II and Corey be liable as "Designated Affiliates" of Millrun pursuant to section 6.7B of the partnership agreement, since they are not alleged to have performed any services on behalf of the Partnership.

Count 4 alleges that it was unreasonable for MCAP III to refuse to rescind the acceleration of the Series A note due to a mere $362 discrepancy in the amount paid. MCAP III contends that it had the contractual right to act as it did. However, the loan and financing agreement, as well as the trust indenture, both of which are governed by Indiana law, indicates that MCAP III had the duty to act reasonably toward the Partner-

---

**2.** Although MCAP III is not a party to these contracts, it does not contest that it has an obligation under the loan and financing agreement to act reasonably toward nominal party MCAP Robeson Apartments, L.P. (the Partnership).

ship (*see Allison v Union Hosp., Inc.*, 883 NE2d 113, 123 [Ind Ct App 2008]).

We decline to consider MCAP III's argument, improperly raised for the first time in its appellate reply brief, that its alleged breach of contract caused no damage (*see e.g. Shia v McFarlane*, 46 AD3d 320 [1st Dept 2007]).

Millrun, MCAP II, and Corey contend that counts 1 (breach of fiduciary duty), 2 (aiding and abetting breach of fiduciary duty, alleged as against MCAP II and Corey only), 5 (constructive fraud), 6 (gross negligence), and 10 (fraud) should be dismissed as duplicative of the contract claims. Since we have found that the contract claims against MCAP II and Corey are not viable, the tort claims cannot be dismissed as duplicative. However, as discussed below, the aiding and abetting claim as against MCAP II fails to state a cause of action.

The partnership agreement is governed by Indiana law, while the Partnership is a Delaware limited partnership. Since the parties cite a plethora of Delaware cases but no Indiana law directly on point or to the contrary as to whether breach of fiduciary duty is duplicative of breach of contract, we will apply Delaware law on this point. The fiduciary duty claim as against Millrun (the general partner of the Partnership) arises out of "the same facts that underlie [Millrun's] contract obligations" (*Nemec v Shrader*, 991 A2d 1120, 1129 [Del 2010]). However, as to MCAP II (the sole member of Millrun) and Corey (who allegedly controls MCAP II and III, Millrun, and Developer), the complaint adequately alleges that they used Partnership assets to enrich themselves at the expense of plaintiffs (the limited partners of the Partnership) (*see Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v Wood*, 752 A2d 1175, 1178, 1182 [Del Ch 1999]).

Delaware law applies to a claim of aiding and abetting a breach of duty by a fiduciary of a Delaware entity (*see Hamilton Partners, L.P. v England*, 11 A3d 1180, 1211-1212 [Del Ch 2010]). MCAP II and Corey contend that the third element of the claim, knowing participation in the breach of a fiduciary duty, is insufficiently pleaded (*see Malpiede v Townson*, 780 A2d 1075, 1096 [Del 2001]). We find that the complaint amply alleges affirmative actions taken by Corey to further Millrun's alleged fraudulent scheme, but that it contains no nonconclusory allegations that MCAP II took such actions, alleging merely that MCAP II knowingly assisted Millrun's breaches of fiduciary duty "[b]y way of [its] control over Millrun" (*see Hospitalists of Delaware, LLC v Lutz*, 2012 WL 3679219, *11, 2012 Del Ch LEXIS 207, *42 [Aug. 28, 2012, CA No. 6221-VCP]).

Under both Delaware and Indiana law, a fraud claim should be dismissed as duplicative of a contract claim when the fraud claim is "merely a repackaged version" or "a rehash" of the contract claim (*Albert v Alex. Brown Mgt. Servs., Inc.*, 2005 WL 2130607, \*7, 2005 Del Ch LEXIS 133, \*26 [Aug. 26, 2005, CA Nos. 762-N, 763-N]; *Tobin v Ruman*, 819 NE2d 78, 86 [Ind Ct App 2004]). Count 10, MMA's individual fraud claim arising out of the third installment, is a mere repackaging or rehash of a contract claim and should be dismissed as against Millrun. Count 5, plaintiffs' derivative constructive fraud claim arising out of the foreclosure action, is not.

We reject Millrun, MCAP II, and Corey's contention that count 10 (MMA's individual fraud claim) is not pleaded with particularity as required by CPLR 3016 (b) (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492 [2008]). The facts are peculiarly within the knowledge of the parties charged with the fraud.

Neither side cites a Delaware or Indiana case dismissing a gross negligence claim as duplicative of a contract claim. However, the parties have cited Indiana cases about negligence and contract. Count 6 should be dismissed as against Millrun because it is doubtful that the acts of which plaintiffs complain would be actionable if there were no contract (i.e. the partnership agreement) (*see Greg Allen Constr. Co., Inc. v Estelle*, 798 NE2d 171, 175 [Ind 2003]).

Since all parties to this appeal agree that the law of unjust enrichment is similar in Delaware, Indiana, and New York, we apply New York law (*see SNS Bank v Citibank*, 7 AD3d 352, 354 [1st Dept 2004]). The existence of express contracts bars plaintiffs' unjust enrichment claim (*see e.g. IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283 [1st Dept 1989], *lv dismissed in part, denied in part* 74 NY2d 874 [1989]). In addition, MCAP III has not been, and cannot be, unjustly enriched, because it has not yet received either the accelerated amount of the Series A bond or the default interest, and, if it were to receive such amounts in the future, it would do so pursuant to a court order (*see e.g. Amaranth LLC v JPMorgan Chase & Co.*, 2008 NY Slip Op 33544[U], \*23 [Sup Ct, NY County 2008], *mod on other grounds* 71 AD3d 40 [1st Dept 2009], *lv dismissed in part, denied in part* 14 NY3d 736 [2010]; *Harris Trust & Sav. Bank v John Hancock Mut. Life Ins. Co.*, 767 F Supp 1269, 1284 [SD NY 1991] ["(b)argained-for benefits cannot be deemed to unjustly enrich a contracting party"]). Concur—Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.