■ WALNUT HOUSING ASSOCIATES 2003 L.P. et al., Respondents, v MCAP WALNUT HOUSING LLC et al., Appellants, et al., Defendant. [25 NYS3d 129]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 28, 2014, which, to the extent appealed from as limited by the briefs, denied the motion of defendants MCAP Walnut Housing LLC (MCAP GP), Municipal Capital Appreciation Partners II, L.P. (MCAP II), and Richard

G. Corey (Corey) to dismiss counts II, III, IV, VI, VII and VIII; and count V as against MCAP II and Corey, unanimously modified, on the law, to dismiss counts II and IV as against MCAP GP; dismiss count V as against MCAP II and Corey; dismiss count III as against MCAP II; dismiss count VI as against Corey and dismiss count VIII, and otherwise affirmed, without costs.

Count V, asserting breach of the partnership agreement, should be dismissed as against MCAP II and Corey, nonsignatories to the agreement. Neither MCAP II nor Corey can be held liable as a "Designated Affiliate" of MCAP GP under section 6.7 (B) of the agreement (see *MMA Meadows at Green Tree, LLC v Millrun Apts., LLC*, 130 AD3d 529, 530 [1st Dept 2015]). Nor is there a valid veil-piercing claim against them. To state a veil-piercing claim under Delaware law a plaintiff must plead facts supporting an inference that a corporation, through its alter ego, has created a sham entity designed to defraud investors and creditors (*Crosse v BCBSD, Inc.*, 836 A2d 492 [Del 2003]). The Delaware courts apply the alter ego theory rather strictly and, in determining the sufficiency of the claim, will often consider a combination of factors including whether a company was adequately capitalized or solvent, whether corporate formalities were observed, whether the dominant shareholder siphoned company funds and whether, in general the company simply functioned as a facade for the dominant shareholder (*EBG Holdings LLC v Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, *12, 2008 Del Ch LEXIS 127, *48 [Sept. 2, 2008, No. 3184-VCP]).

A claim for veil-piercing will be dismissed at the pleading stage, however, if the allegations are merely conclusory (see *Doberstein v G-P Indus. Inc.*, 2015 WL 6606484, *4-5, 2015 Del Ch LEXIS 275, *12-14 [Oct. 30, 2015, No. 9995-VCP]; *MicroStrategy Inc. v Acacia Research Corp.*, 2010 WL 5550455, *11-12, 2010 Del Ch LEXIS 254, *45-48 [Dec. 30, 2010, No. 5735-VCP]). We do not believe that there were sufficient nonconclusory facts alleged in the complaint for plaintiffs to proceed on their veil-piercing claim at this time.

Count VI, asserting breach of the guaranty agreement, should be dismissed against Corey, as he is not a signatory to the agreement. MCAP II is a signatory to the agreement. At this stage of the proceedings, we cannot conclude that damages are, as a matter of law, speculative, requiring dismissal of the claim against it (*Fielding v Kupferman*, 65 AD3d 437, 442 [1st Dept 2009], *lv denied* 21 NY3d 859 [2013]).

Because the contract claims against MCAP II and Corey are

not viable, the tort claims against them cannot be dismissed as duplicative (*MMA Meadows*, 130 AD3d at 531).

Count II, the breach of fiduciary duty claim, should be dismissed against MCAP GP, because the claim arises from the same allegations underlying the claim for breach of the partnership agreement (*id.*). However, the amended complaint adequately alleges a breach of fiduciary duty claim against MCAP II (the sole member of MCAP GP) and Corey (who allegedly controls MCAP II and MCAP GP) (*id.*).

The amended complaint sufficiently states an aiding and abetting breach of fiduciary duty claim (count III) against Corey, but not against MCAP II (*id.*).

Count IV, the gross negligence claim, should be dismissed against MCAP GP, as the claim does not allege a violation of a duty independent of MCAP GP's contractual obligations (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *McKenna v Terminex Intl. Co.*, 2006 WL 1229674, *3, 2006 Del Super LEXIS 551, *9 [Mar. 13, 2006, No. 04C-02-022 (RBY)]). Insofar as the claim is asserted against MCAP II and Corey, they argue only that it should be dismissed against them as duplicative of the breach of contract claims—an argument that, as noted, is unavailing.

The amended complaint sufficiently states a constructive fraud claim (count VII) against MCAP GP, MCAP II, and Corey (*see Levin v Kitsis*, 82 AD3d 1051, 1054 [2d Dept 2011]; *In re Wayport, Inc. Litig.*, 76 A3d 296, 327 [Del Ch 2013]). The claim is not duplicative of the breach of contract or breach of fiduciary claims, as the latter claims are based on different allegations. In particular, the claims for breach of contract and breach of fiduciary duty are based on allegations that defendants mismanaged funds by causing the partnership to default on a mortgage loan and to fail to pay for construction expenses, resulting in a mechanic's lien. The constructive fraud claim is based on allegations that defendants misrepresented the intended use of certain loans in order to induce the limited partners to consent and approve the obtaining of such loans, which defendants allegedly used to pay themselves.

Count VIII, the unjust enrichment claim, is barred by "[t]he existence of express contracts" (*MMA Meadows*, 130 AD3d at 532). Concur—Tom, J.P., Friedman, Saxe and Gische, JJ.