■ EMMET AUSTIN et al., Appellants, v JONATHAN GOULD et al., Respondents. [27 NYS3d 19]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 11, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the second, fourth, fifth, sixth, seventh, and eighth causes of action and the parts of the first and third causes of action that are based on unpaid acquisition and equity management fees, unanimously affirmed, with costs.

In this individual and derivative action commenced by a minority investor in plaintiff real estate management entities against the member manager of defendant entities, plaintiffs allege, among other things, that defendants failed to distribute their earned shares of acquisition and management fees.

The cause of action for breach of fiduciary duty is not, contrary to the motion court's conclusion, subject to dismissal as duplicative of the non-viable breach of contract cause of action (see Walnut Hous. Assoc. 2003 L.P. v MCAP Walnut Hous. LLC, 136 AD3d 403 [1st Dept 2016]; cf. Ellington v Sony/ATV Music Publ. LLC, 85 AD3d 438 [1st Dept 2011]). However, it seeks monetary relief, and therefore was correctly held untimely under the three-year limitations period (see Kaufman v Cohen, 307 AD2d 113, 118 [1st Dept 2003]). The acquisition fee claims accrued "upon acquisition" of the properties purchased, when plaintiffs could enforce their rights to payment, and the management fee claims accrued each quarter when payable; under the circumstances, plaintiffs' contention that these were recurring obligations requiring periodic payments (see e.g. Knobel v Shaw, 90 AD3d 493 [1st Dept 2011]) is irrevelant.

The cause of action for breach of contract, based on the allegation that defendants failed to make certain payments to

the plaintiff entities as required by unspecified agreements, was correctly dismissed in its entirety for failure to identify the specific agreements allegedly breached (*see New York City Educ. Constr. Fund v Verizon N.Y. Inc.*, 114 AD3d 529, 531 [1st Dept 2014]). The cause of action for breach of the implied covenant of good faith, to the extent it seeks to recover the fees, is also insufficiently pleaded, since a claim for breach of the implied covenant of good faith is essentially a contract claim and may not be used as a substitute for a non-viable contract cause of action (*see Smile Train, Inc. v Ferris Consulting Corp.*, 117 AD3d 629 [1st Dept 2014]). Moreover, the claim is untimely (*see McCormick v Favreau*, 82 AD3d 1537, 1540 [3d Dept 2011], *lv denied* 17 NY3d 712 [2011]).

We have considered plaintiffs' other contentions, which fail to specifically address the remaining, correctly dismissed causes of action, and find them unavailing. Concur—Friedman, J.P., Acosta, Renwick and Richter, JJ. ▮