Austin v Gould (2019 NY Slip Op 00677)





Austin v Gould


2019 NY Slip Op 00677


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, JJ.


655506/16 8271 8270

[*1]Emmet Austin, etc., et al., Plaintiffs-Appellants,
v
Jonathan Gould, et al., Defendants-Respondents.


Law Office of Edward J. Boyle, Manhasset (Edward J. Boyle of counsel), for appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Greg S. Zucker of counsel), for respondents.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 14, 2017, and July 13, 2017, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
The first two causes of action seek to compel access to and examination of the Managing LLCs' and the Retail Partners' books and records. Defendant Gould, the managing member of the named Managing LLCs, properly determined that there was no "valid business purpose," as required by the Managing LLCs' operating agreements, for inspecting the Managing LLC's books and records, because plaintiff Austin's purpose for inspecting related to claims for acquisition fees and management fees that had already been dismissed in a 2013 action (see Austin v Gould, 137 AD3d 495 [1st Dept 2016]).
The third cause of action, which alleges breach of fiduciary duty against Gould, was correctly dismissed, because it mixes an individual claim with a derivative claim (see Dian Kui Su v Sing Ming Chao, 150 AD3d 424, 425 [1st Dept 2017], citing Abrams v Donati, 66 NY2d 951 [1985]).
The fourth cause of action, which alleges that Gould transferred Austin's interest in Stonemar MM Jackson, LLC, to his (Gould's) wife without consideration or consent, was correctly dismissed, because "[t]he conversion of intangible property is not actionable" (Sun Gold, Corp. v Stillman, 95 AD3d 668, 669 [1st Dept 2012]).
In view of the foregoing, the fifth cause of action, which seeks legal, accounting, and expert fees, is moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK