Goodwill Toys MFG, Ltd. v I-Star Entertainment, LLC (2023 NY Slip Op 01079)

Goodwill Toys MFG, Ltd. v I-Star Entertainment, LLC

2023 NY Slip Op 01079

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-06550 
2020-03280
 (Index No. 613529/18)

[*1]Goodwill Toys MFG, Ltd., appellant,
v I-Star Entertainment, LLC, et al., respondents, et al., defendants.

Allegaert Berger & Vogel, LLP, New York, NY (Louis A. Craco, Jr., and Bianca Lin of counsel), for appellant.
Kitson & Schuyler, P.C., Croton-on-Hudson, NY (Peter Schuyler of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated April 8, 2019, and (2) an order of the same court dated March 2, 2020. The order dated April 8, 2019, granted that branch of the motion of the defendants I-Star Entertainment, LLC, and I-Star Entertainment HK, Ltd., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and denied, as academic, that branch of those defendants' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them. The order dated March 2, 2020, insofar as appealed from, upon renewal, adhered to the determination in the order dated April 8, 2019.
ORDERED that the appeal from the order dated April 8, 2019, is dismissed; and it is further,
ORDERED that the appeal from so much of the order dated March 2, 2020, as, upon renewal, adhered to so much of the determination in the order dated April 8, 2019, as denied, as academic, that branch of the motion of the defendants I-Star Entertainment, LLC, and I-Star Entertainment HK, Ltd., which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them is dismissed; and it is further,
ORDERED that the order dated March 2, 2020, is reversed insofar as reviewed, on the law, and, upon renewal, so much of the determination in the order dated April 8, 2019, as granted that branch of the motion of the defendants I-Star Entertainment, LLC, and I-Star Entertainment HK, Ltd., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is vacated, and thereupon, that branch of those defendants' motion is denied without prejudice to renewal upon the completion of jurisdictional discovery, and the parties are directed to conduct jurisdictional discovery; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from so much of the order dated April 8, 2019, as denied, as academic, that branch of the motion of the defendants I-Star Entertainment, LLC, and I-Star Entertainment HK, Ltd., which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them, and from so much of the order dated March 2, 2020, as, upon renewal, adhered to that portion of the determination in the order dated April 8, 2019, must be dismissed, as the plaintiff is not aggrieved thereby (see CPLR 5511). The appeal from so much of the order dated April 8, 2019, as granted that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them must be dismissed as academic in light of our determination on the appeal from the order dated March 2, 2020.
In October 2018, the plaintiff, a toy manufacturer, commenced this action in the Supreme Court, Nassau County, against, among others, the defendants I-Star Entertainment HK, Ltd. (hereinafter Entertainment HK), and I-Star Entertainment, LLC (hereinafter the LLC; hereinafter together the defendants), to recover damages for breach of contract and on an account stated. The plaintiff alleged that, in 2011, it began a course of dealing with Entertainment HK, but between February and September 2017, Entertainment HK failed to pay 23 invoices totaling $410,573.34 for goods manufactured and delivered by the plaintiff to the defendants. The complaint also alleged, among other things, that Entertainment HK acted "solely at the direction of, and for the benefit of" the LLC, and that Entertainment HK "is effectively a part of" the LLC.
The defendants moved pursuant to CPLR 3211(a) and 327(a) to dismiss the complaint insofar as asserted against them, contending that the plaintiff failed to state a cause of action against the LLC, a Delaware corporation organized with offices in Nassau County, and that Entertainment HK is a Hong Kong-based company over which the court lacked personal jurisdiction, and requesting that, in any event, the complaint be dismissed on the ground of forum non conveniens. In support of their motion, the defendants submitted evidence showing a limited relationship between the LLC and Entertainment HK. The plaintiff opposed the motion, contending that the action was in the very early stage of litigation and no discovery had yet occurred, and submitted an affirmation from its general manager, invoices, purchase orders, customer credit advices, email correspondence, and other exhibits tending to show that it dealt with the LLC and Entertainment HK as if they were one and the same entity. In an order dated April 8, 2019 (hereinafter the April 2019 order), the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and denied, as academic, that branch of the defendants' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens.
Thereafter, the plaintiff moved for leave to renew its opposition to the defendants' prior motion and offered in support new evidence showing that Entertainment HK was dissolved during the pendency of the motion to dismiss. The plaintiff also submitted evidence to show that the LLC's principals operated a number of related entities out of the same Nassau County address as the LLC, and that these entities expanded their operations at the same time as Entertainment HK went insolvent. In an order dated March 2, 2020 (hereinafter the March 2020 order), the Supreme Court granted leave to renew, and upon renewal, adhered to the original determination in the April 2019 order. The plaintiff appeals.
The Supreme Court, upon renewal, should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, without prejudice to renewal upon the completion of jurisdictional discovery. To state a veil-piercing claim under Delaware law, which, contrary to the defendants' contention, applies in this case because the LLC is a Delaware corporation (see Gristede's Foods, Inc. v Madison Capital Holdings LLC, 174 AD3d 455, 456; Klein v CAVI Acquisition, Inc., 57 AD3d 376, 377), "the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors" (Crosse v BCBSD, Inc., 836 A2d 492, 497 [Del Sup Ct]). "Delaware courts consider a number of factors in determining whether to disregard the corporate form and pierce the corporate veil, including: '(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether [*2]corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder'" (Manichaean Capital, LLC v Exela Tech., Inc., 251 A3d 694, 706 [Del Ch], quoting Doberstein v G-P Indus., Inc., 2015 WL 6606484, *4, 2015 Del Ch LEXIS 275, *12 [Del Ch, CA No. 9995-VCP]). "While these factors are useful, any single one of them is not determinative. An ultimate decision regarding veil-piercing is largely based on some combination of these factors, in addition to 'an overall element of injustice or unfairness'" (Manichaean Capital, LLC v Exela Tech., Inc., 251 A3d at 706-707, quoting Doberstein v G-P Indus., Inc., 2015 WL 6606484, *4, 2015 Del Ch LEXIS 275, *12). Since veil-piercing is fact-laden, it is not well suited for resolution on a pre-answer, pre-discovery motion to dismiss pursuant to CPLR 3211 (see Town-Line Car Wash, Inc., v Don's Kleen Mach. Kar Wash, Inc, 169 AD3d 1084, 1085). Moreover, the facts alleged by the plaintiff in the complaint and in the affirmations it submitted in opposition to the defendants' motion to dismiss must be construed in the light most favorable to the plaintiff, and all doubts should be resolved in favor of the plaintiff (see Sutton v Houllou, 191 AD3d 1031, 1033; Lowy v Chalkable, LLC, 186 AD3d 590, 591).
At this stage of the litigation, since the plaintiff's allegations and submissions, upon renewal, support an inference that Entertainment HK was the alter ego of the LLC, indeed, that Entertainment HK was a hollow shell through which the LLC conducted its own business in Hong Kong (see Manichaean Capital, LLC v Exela Tech., Inc., 251 A3d at 706-707), the Supreme Court, upon renewal, should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, without prejudice to reenwal, and should have directed the parties to conduct jurisdictional discovery exploring the relationship between the defendants (see Radium2 Capital, LLC v Xtreme Natl. Maintenance Corp, 202 AD3d 638; see also Peterson v Spartan Indus., 33 NY2d 463, 466-467).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court