Peterec-Tolino v Ciacci (2024 NY Slip Op 01259)

Peterec-Tolino v Ciacci

2024 NY Slip Op 01259

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Shulman, JJ. 

Index No. 100062/21 Appeal No. 1818 Case No. 2022-03696 

[*1]John Peterec-Tolino, Also Known as John L. Peterec, Plaintiff-Appellant,
v
Walter F. Ciacci et al., Defendants-Respondents.

John Peterec-Tolino, appellant pro se.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered June 27, 2022, which granted defendants' motion to dismiss the complaint and denied plaintiff's motion for an evidentiary hearing, unanimously affirmed, without costs.
As a threshold matter, we find that defendants moved to dismiss within the time allotted by statute, given the manner of service on both the individual attorney defendant (Ciacci) and the law firm defendant Della Mura & Ciacci, LLP (DM&C), a limited liability partnership (see CPLR 308[2], 310-a[a], 320[a]; see also Green v Gross & Levin, LLP, 101 AD3d 1079, 1080 [2d Dept 2012]).
Supreme Court properly dismissed plaintiff's breach of fiduciary duty claim, to the extent it arises from Ciacci's suggestion that plaintiff and his wife seek funding for their personal injury action against nonparty City of New York and related parties (see Kurtzman v Bergstol, 40 AD3d 588, 590 [2d Dept 2007]). Plaintiff's signed agreement with the nonparty funder, selling a portion of his interest in any potential future litigation proceeds, "conclusively establishes a defense to the asserted claim as a matter of law," as it shows that defendants did not commit any misconduct by failing to warn plaintiff of the terms of the agreement (Leon v Martinez, 84 NY2d 83, 88 [1994]; see CPLR 3211[a][1]), which plaintiff admittedly signed (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 193 [1st Dept 2019]; Tozzi v Mack, 169 AD3d 547, 548 [1st Dept 2019], lv denied 33 NY3d 908 [2019]). Plaintiff cannot demonstrate that defendants induced him into signing (see Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 856 [2d Dept 2018]), or that the contract was usurious or unconscionable, given that he received a cash advance and the repayment terms were contingent upon him securing a judgment or settlement (see Cash4Cases, Inc. v Brunetti, 167 AD3d 448, 449-450 [1st Dept 2018]).
Supreme Court also properly dismissed the breach of fiduciary duty claim to the extent that it arose from defendants' legal representation of plaintiff. Since plaintiff essentially alleges that defendants "provided inadequate and ineffective representation," the claim is "properly treated . . . as sounding in legal malpractice" (Cherry Hill Mkt. Corp. v Cozen O'Connor L.P., 118 AD3d 514, 514 [1st Dept 2014]). As for plaintiff's proceedings before the Workers' Compensation Board (WCB), both the Administrative Law Judge and review panel's appeal decisions constitute documentary evidence conclusively establishing that plaintiff would not have prevailed, as those decisions were based on his claim form, statements at an independent medical evaluation, and testimony during the WCB hearing (see O'Callaghan v Brunelle, 84 AD3d 581, 581-582 [1st Dept 2011], lv denied 18 NY3d 804 [2012]). As for his first personal injury action against the City, the MTA, and related parties, the complaint fails to state a cause of action for malpractice since defendants successfully negotiated [*2]a settlement on his behalf despite an adverse finding by the WCB. As for his second personal injury action against private construction companies, of which plaintiff disclaimed knowledge until after the settlement was negotiated, the stipulation of discontinuance demonstrates that the settlement covered those companies as well, as they were represented by the same attorney who represented the City defendants in the other action and negotiated the settlement with plaintiffs (see Chic Realty 712, LLC v GSA Holding Corp., 220 AD3d 914, 915 [2d Dept 2023]).
Plaintiff's fraud and constructive fraud claims were properly dismissed. Regarding the authorizations to disclose his WCB file to defendants (his own attorneys) and to the City's attorney in the personal injury action, the alleged forgery does not constitute misrepresentations made to plaintiff and he does not allege his reliance thereon (Eurycleia Partners, LP v Seward & Kissel, LP, 12 NY3d 553, 559 [2009]; Walnut Hous. Assoc. 2003 L.P. v MCAP Walnut Hous. LLC, 136 AD3d 403, 405 [1st Dept 2016]). As to the litigation funding, defendants' representations about the status of the personal injury action were true, and as for the second personal injury action, plaintiff's allegations of damages are speculative.
Supreme Court also properly dismissed plaintiff's conversion claim. Plaintiff does not have a possessory right to WCB files, though the WCB is authorized to disclose his file to him (Workers Compensation Law § 110-a[1][a], [2][c]). As such, defendants' procurement of authorizations for disclosure, even if based on the allegedly forged authorization forms, did not interfere with plaintiff's "possessory right or interest in the property" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; see Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473 [1st Dept 2010]; see also Workers Compensation Law § 110-a[3]).
Finally, Supreme Court providently denied plaintiff's motion for a hearing to determine how defendants came into possession of one of the WCB decisions annexed to their motion papers, since the issue is moot. Further, there was no "case-ending prospect" that would favor plaintiff were this particular exhibit excluded, given the remaining documentary evidence (Brown v Micheletti, 97 AD2d 529, 530 [2d Dept 1983]). In any event, plaintiff also failed to refute Ciacci's sworn statement that plaintiff or his wife provided the document to him while he was still representing them in the personal injury action involving the City.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024