| Palella v TMO VI LLC |
| --- |
| 2025 NY Slip Op 30373(U) |
| January 27, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655556/2023 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MELISSA A. CRANE** | PART 60M |
| *Justice* | |

------------------------------------------------------------------------X

KATHLEEN PALELLA,

　　　　　　　　　　Plaintiff,

- v -

TMO VI LLC,ICON INTERMEDIATE HOLDINGS, LLC,TMO LLC, ICON PARKING 3 LLC,ICON PARKING HOLDINGS, LLC,ICON PARKING MANAGEMENT, LLC,ICON PARKING SERVICES, LLC,ICON PARKING SYSTEMS, LLC,58TH & 7TH PARKING LLC

　　　　　　　　　　Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655556/2023 |
| MOTION DATE | 11/18/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 85, 86, 87, 88, 90, 91, 93, 94, 95

were read on this motion to/for _____ DISMISS _____ .

The motion to dismiss is mostly denied in accordance with the reasoning on the record of 1/24/2025 and the following.

In this lawsuit, derivative plaintiff second guesses defendants' (the managing member of a joint venture and the entities who controlled the managing member) decision to terminate a lease and enter into a management agreement. The termination of the lease ended up forfeiting a right to enter into a 49-year commercial lease in a parking garage.

This is the third motion to dismiss in this case. In the previous round, the court dismissed the complaint under the business judgment rule because plaintiffs had not adequately plead self-dealing or bad faith (see EDOC

In the second amended complaint, plaintiff has switched theories. Instead of pleading some sort of self-dealing, the plaintiff now pleads that defendants were inadequately informed about the benefits they were allegedly throwing away when they gave up the joint venture's right to the 49-year

655556/2023 PALELLA, KATHLEEN vs. TMO VI LLC ET AL
Motion No. 003

Page 1 of 5

[* 1]

lease. As Drew Katz, a "representative of the Trust" at issue, elaborates in his affirmation (EDOC 91), defendants, through Mr. Smith, then CEO of ICON Parking, purportedly told him that, due to a lack of organization resulting from the pandemic, defendants had "no idea" the JV even had the right to enter into the 49-year lease with Extell (*id.* ¶ 18). The complaint alleges that defendants "did not conduct even the minimal inquiry necessary to understand the JV's rights under the 2006 Lease and subsequent agreements." (EDOC 72 at ¶ 87). This was because the managing member had experienced "significant turnover in personnel" and "in 2020 were not familiar with the then-existing rights held by the JV." (EDOC 72 at ¶ 67). As a result, the managing member "did not know or understand what it was destroying though its actions. It failed to conduct even a minimal inquiry into the terms of the 2006 Lease and the JV's subsequent agreements with Extell." (*id.* at ¶ 68).

"[T]he amount of information that it is prudent to have before a decision is made is itself a business judgment of the very type that courts are institutionally poorly equipped to make" (*RJR Nabisco, Inc Shareholder Litigation*, 1989 WL 7036, at *19 (Del Ch 1989). However, "where management's '"methodologies and procedures" are "so restricted in scope, so shallow in execution, or otherwise so *pro forma* or halfhearted as to constitute a pretext or sham," then inquiry into their acts is not shielded by the business judgment rule' (see *Hanson Tr. PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 274 (2d Cir. 1986). Rather, to prove a breach of the duty of care, a plaintiff must demonstrate gross negligence (see *In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 748 [Del Ch 2005], *aff'd,* 906 A.2d 27 [Del. 2006] ["in instances where directors have not exercised business judgment, that is, in the event of director inaction, the protections of the business judgment rule do not apply. Under those circumstances, the appropriate standard for determining liability is widely believed to be gross negligence"]; s*ee also Clingman & Hanger Mgmt, v Knobel*, 2018 WL 2006763 at *14 [SD Fla January 9, 2018]). However, a *conscious*

**655556/2023  PALELLA, KATHLEEN vs. TMO VI LLC ET AL**
**Motion No.  003**

Page 2 of 5

2 of 4

*decision* to refrain from acting may be a valid exercise of business judgment (see *In re Trinsum Grp., Inc.,* 466 B.R. 596, 614 [Bankr SDNY 2012]).

Here, plaintiff's allegations are sufficient to raise an issue of fact as to gross negligence. It remains to be seen whether or not management made a conscious decision to trade in the lease. It also remains to be seen whether it was gross negligence for management to trade in the lease, while failing to realize there was a 49-year lease right, in favor of a management contract, all at the height of the pandemic (*see McMullin v Beran*, 765 A2d 910, 922 [Del 2000] [allegations sufficient that directors breached duty of care when they approved the merger without adequately informing themselves]).

It matters not at this stage that some of plaintiff's knowledge regarding defendants' lack of awareness about the 49-year lease option came from settlement discussions. While statements made in the course of settlement would not be admissible at trial, it is sufficient at this stage to support plaintiff's good faith allegations. Discovery may provide further, admissible support for plaintiff's allegations. Therefore, defendants' alternate request for an immediate hearing on the status of Mr. Smith's statements is denied.

However, the court does dismiss the second cause of action for "gross negligence." As discussed on the record, this cause of action duplicates the first cause of action for breach of fiduciary duty.

Finally, the court dismisses the claims against Icon Parking Holdings, LLC and its affiliates. As discussed on the record, plaintiff has failed to plead that these defendants misused the corporate form to harm plaintiff (see *Walnut Hous. Assocs. 2003 L.P. v. MCAP Walnut Hous. LLC*, 136 A.D.3d 403, 404 [1st Dep't 2016] "[t]o state a veil-piercing claim under Delaware law

**655556/2023   PALELLA, KATHLEEN vs. TMO VI LLC ET AL**
**Motion No.  003**

Page 3 of 5

3 of 4

[* 3]

a plaintiff must plead facts supporting an inference that a corporation, through its alter ego, has

created a sham entity designed to defraud investors and creditors"]).

Accordingly, it is

ORDERED THAT the court grants the motion to dismiss to the extent it dismisses the second cause of action for gross negligence and dismisses all claims against TMO LLC, Icon Parking 3, LLC, Icon Parking Holdings, LLC, Icon Parking Management, LLC, Icon Parking Services, LLC, and Icon Parking Systems, LLC, and otherwise denies the motion; and it is further

ORDERED THAT defendants have 45 days from the efiled date of this decision and order to answer the complaint; and it is further

ORDERED THAT the parties have ten days to send the court a stipulated discovery schedule; and it is further

ORDERED THAT if the parties do not send the court a stipulated discovery schedule, they shall appear for a Preliminary Conference, on February 10, 2025, at eleven am over Microsoft teams.

| 1/27/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | MELISSA A. CRANE, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**655556/2023  PALELLA, KATHLEEN vs. TMO VI LLC ET AL**
**Motion No.  003**

Page 4 of 5

[* 4]