■ ERICA ABELES, Appellant, v MELLON BANK CORPORATION et al., Respondents. [747 NYS2d 372] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered June 27, 2001, which, upon the prior grant of defendants' motion for summary judgment, dismissed the complaint for defamation and intentional infliction of emotional distress, unanimously affirmed, with costs.

Plaintiff's cause of action for intentional infliction of emotional distress could have been dismissed on the alternative ground that plaintiff was an at-will employee terminable from her position at any time and for any reason, or even for no reason at all, and was thus without recourse to sue, as she has, for wrongful discharge by means of a cause of action for intentional infliction of emotional distress (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300, 303).

In any event, the motion court correctly held that defendants' conduct, which included conducting an investigation into the forged signatures of plaintiff's supervisor on plaintiff's expense reports, questioning plaintiff about the forgeries, and thereafter terminating her employment and escorting her from the premises, was not so extreme and outrageous as to support a claim for intentional infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121; *Arrington v Liz Claiborne, Inc.*, 260 AD2d 267, 268).

Summary judgment was also properly granted dismissing plaintiff's cause of action for defamation, since defendants' statements, even if construed as defamatory, were all made in the course of the investigation and consequent termination of plaintiff, and, as such, were qualifiedly privilege (*see Present v Avon Prods.*, 253 AD2d 183, 187, *lv dismissed* 93 NY2d 1032). The record fails to disclose an issue of fact as to the existence of malice on the part of defendants sufficient to overcome such privilege (*see Foster v Churchill*, 87 NY2d 744, 751-752). Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.