[907 NE2d 683, 879 NYS2d 805]

JANE DOE et al., Respondents, v ROMAN CATHOLIC DIOCESE OF ROCHESTER et al., Appellants.

Argued February 12, 2009; decided March 26, 2009

## APPEARANCES OF COUNSEL

*Harris Beach PLLC*, Pittsford (*Philip G. Spellane, A. Vincent Buzard* and *Laura W. Smalley* of counsel), for Bishop Matthew H. Clark and another, appellants.

*Christopher S. Ciaccio*, Rochester, for Peter M. DeBellis, appellant.

*Christina A. Agola, Attorneys and Counselors at Law, PLLC*, Rochester (*Christina A. Agola* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, defendants' motions to dismiss the complaint in the entirety should be granted and the certified question should be answered in the negative.

Plaintiffs were congregants of Our Mother of Sorrows Church, where defendant Father Peter DeBellis was a priest. Plaintiff Jane Doe alleges that in November 2000, she began counseling with Father DeBellis. Soon thereafter, plaintiff maintains that they began a sexual relationship that lasted for more than three years. Both the counseling and the sexual relationship continued despite repeated complaints to the Diocese by plaintiff husband, John Doe, and DeBellis's subsequent transfer to another church. Plaintiffs commenced this action asserting, as relevant here, a breach of fiduciary duty claim against Father DeBellis, and claims for negligent supervision and retention against the Diocese.

As we recently reaffirmed, a fiduciary relationship must exhibit the characteristics of "de facto control and dominance" (*Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 21 [2008] [internal quotation marks and citation omitted]). Specifically, we held that in order to demonstrate the existence of a fiduciary duty between a cleric and a congregant involved in a formal counseling

relationship, "a congregant must set forth facts and circumstances in the complaint demonstrating that the congregant became uniquely vulnerable and incapable of self-protection regarding the matter at issue" (*Marmelstein*, 11 NY3d at 22).

The complaint in this case, although drafted prior to our decision in *Marmelstein*, falls short of what is necessary to state a claim for breach of fiduciary duty. The bare allegation that Jane Doe was "a vulnerable congregant" is insufficient to establish that plaintiff was particularly susceptible to Father DeBellis's influence. Nor does the complaint provide any other allegations to show that the parties had a relationship characterized by control and dominance.

Plaintiffs' claims for negligent supervision and retention against the Diocese likewise fail.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, reversed, etc.