■ JOHN L. PETEREC-TOLINO, Appellant, v EDWARD HARAP et al., Respondents. [892 NYS2d 154]—

In the complaint, the plaintiff alleged that the defendants terminated his employment as an electrical worker on a construction project at the Dalton School of Music in Manhattan. He alleged that, in his termination notice, the defendant Edward Harap called him "unproductive" and stated that he threatened his supervisor. The plaintiff acknowledged in the complaint that he had trouble doing his work because he had asthma and a crooked spine. He stated causes of action alleging, inter alia, defamation, intentional infliction of emotional distress, and prima facie tort. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court granted the motion, and the plaintiff now appeals.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true, and the motion should be granted only if the facts as alleged do not fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).

The Supreme Court properly granted the defendants' motion to dismiss the complaint. The plaintiff failed to plead the elements necessary for any of his stated causes of action. Specifically, he failed to allege how he suffered damages from the defendants' alleged actions, besides the loss of his job. New York law has long held that "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason" (Murphy v American Home Prods. Corp., 58 NY2d 293, 300 [1983]). The plaintiff cannot use a different cause of action to recover damages for his entirely lawful termination (see e.g. Abeles v Mellon Bank Corp., 298 AD2d 106 [2002]).

The plaintiff's remaining contentions are not properly before this Court. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.