■ JUDITH RODRIGUES-LYTWYN, Respondent, v ROMAN CATHOLIC DIOCESE OF BROOKLYN et al., Appellants, et al., Defendant. [912 NYS2d 411]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress, the defendants Roman Catholic Diocese of Brooklyn and Roman Catholic Church of Our Lady of the Snows appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated June 26, 2009, as denied that branch of their cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants Roman Catholic Diocese of Brooklyn and Roman

Catholic Church of Our Lady of the Snows which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is granted.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true, and the motion should be granted only if the facts as alleged do not fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Peterec-Tolino v Harap*, 68 AD3d 1083, 1084 [2009]).

Here, the plaintiff failed to state causes of action against the defendants Roman Catholic Diocese of Brooklyn and Roman Catholic Church of Our Lady of the Snows (hereinafter together the church defendants) to recover damages for negligent hiring, supervision, and retention (*see Mason v Ben Roy Das, Inc.*, 34 AD3d 768 [2006]), to recover damages for breach of fiduciary duty (*see Doe v Roman Catholic Diocese of Rochester*, 12 NY3d 764, 765 [2009]; *Mars v Diocese of Rochester*, 6 AD3d 1120, 1121 [2004]), and to recover damages for negligent and intentional infliction of emotional distress (*see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008]; *Tartaro v Allstate Indem. Co.*, 56 AD3d 758, 759 [2008]). Accordingly, those causes of action should have been dismissed. Moreover, the cause of action to recover damages for failure to prevent seduction should have been dismissed because a cause of action cannot be maintained for a voluntary sexual affair between consenting adults (*see* Civil Rights Law § 80-a; *Marmelstein v Kehillat New Hempstead: Rav Aron Jofen Community Synagogue*, 11 NY3d at 22). The remaining causes of action asserted against the church defendants should have been dismissed for failure to fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d at 87-88; *Peterec-Tolino v Harap*, 68 AD3d at 1084). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.