[952 NE2d 1003, 929 NYS2d 11]

RACHEL L. ARFA et al., Appellants, v GADI ZAMIR et al., Respondents, et al., Defendants. (And Other Actions.)

Argued April 27, 2011; decided June 7, 2011

APPEARANCES OF COUNSEL

*Schlam Stone & Dolan LLP*, New York City (*David J. Katz* of counsel), for appellants.

*Wolf Haldenstein Adler Freeman & Herz LLP*, New York City (*Eric B. Levine* and *Alan A.B. McDowell* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

In June 2005, plaintiffs Rachel Arfa and Alexander Shpigel executed a general agreement with defendant Gadi Zamir regarding management of their real estate business. The agreement contained a provision in which each party released the others and their related entities from "any and all claims, demands, actions, rights, suits, liabilities, interests and causes of action, known or unknown, which they have ever had, have or may now have, which in any way pertain to or arise from any matters, facts, occurrences, actions or omissions which occurred prior to" the date of the contract. This general release, which plaintiffs allege was part of a negotiated agreement meant to ease an antagonistic relationship and keep Zamir "from

destroying the value of the real estate portfolio," prevents plaintiffs from now bringing an action for fraud based on misrepresentations predating it.

Plaintiffs have failed to allege that the release was induced by a separate fraud (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269 [2011] [decided today]). Additionally, they have failed to allege that they justifiably relied on Zamir's fraudulent misstatements in executing the release. By their own admission, plaintiffs, who are sophisticated parties, had ample indication prior to June 2005 that defendant was not trustworthy, yet they elected to release him from the very claims they now bring without investigating the extent of his alleged misconduct (*see Centro*, 17 NY3d at 278; *DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 153-154 [2010]). Dismissal of plaintiffs' fraud cause of action is therefore appropriate.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order affirmed, etc.