■ PUTNAM COUNTY SAVINGS BANK, Respondent, v KAMAL K. ADITYA et al., Defendants/Third-Party Plaintiffs-Appellants, and ROBERT J. HENTSCHEL, Respondent, et al., Defendants. ADITYA FAMILY DYNASTY TRUST OF 2002, Third-Party Plaintiff-Appellant; CONTEMPORARY ENVIRONMENTAL MANAGEMENT et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (Action No. 1.) PUTNAM COUNTY SAVINGS BANK, Respondent, v KAMAL K. ADITYA et al., Defendants/Third-Party Plaintiffs-Appellants, and ROBERT J. HENTSCHEL, Respondent, et al., Defendant. CONTEMPORARY ENVIRONMENTAL MANAGEMENT et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (Action No. 2.) PUTNAM COUNTY SAVINGS BANK, Respondent, v KAMAL K. ADITYA et al., Defendants/Third-Party Plaintiffs-Appellants, and ROBERT J. HENTSCHEL, Respondent, et al., Defendants. CONTEMPORARY ENVIRONMENTAL MANAGEMENT et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (Action No. 3.) [938 NYS2d 98]—

The Supreme Court providently exercised its discretion in denying the appellants' joint cross motion, made with nonparties 40 Glastonbury, LLC, HS Eagle Road Associates, LLC, 33 Broad Street Restaurant Group, LLC, and Route 9 Poughkeepsie, LLC, for leave to amend their pleadings in these three related actions to add the nonparties as third-party plaintiffs. "Where the proposed amended pleading is palpably insufficient or patently devoid of merit, or where the delay in seeking the amendment would cause prejudice or surprise, the motion for leave to amend should be denied" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]; *see Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]). Here, the proposed amendment is palpably insufficient,

as the appellants lack standing to assert derivative claims on behalf of the nonparty limited liability companies (*cf. Clark v Trois*, 21 AD3d 439, 440 [2005]; *Tal v Malekan*, 305 AD2d 281, 281 [2003]).

The Supreme Court also properly granted those branches of the motion of Robert J. Hentschel, a defendant in action Nos. 1, 2, and 3, and Contemporary Environmental Management, Inc. (hereinafter CEM), and Bedford Professional Associates, LLC (hereinafter Bedford), third-party defendants in action Nos. 1, 2, and 3 (hereinafter collectively the respondents), which were pursuant to CPLR 3211 (a) (7) to dismiss the cross claim alleging fraud insofar as asserted against Hentschel in all three actions, and the third-party cause of action alleging fraud insofar as asserted against CEM and Bedford in all three actions. "A cause of action alleging fraud will not lie where the only claim of fraud relates to a breach of contract, and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud" (*Mendelovitz v Cohen*, 37 AD3d 670, 671 [2007] [citations omitted]; *see Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]; *WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001]). Here, the appellants failed to sufficiently allege that they were induced to enter into the alleged agreement by a misrepresentation of any material fact collateral to the contract.

However, the Supreme Court erred in granting that branch of the motion of Hentschel, CEM, and Bedford which was pursuant to CPLR 3211 (a) (5) to dismiss the cross claim alleging breach of contract insofar as asserted against Hentschel in all three actions, and the third-party cause of action alleging breach of contract insofar as asserted against CEM and Bedford in all three actions. The appellants' breach of contract cause of action does not allege a promise to answer for the debt of another, and is not barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [2]; *Paribas Props. v Benson*, 146 AD2d 522, 525 [1989]). Skelos, J.P., Hall, Lott and Roman, JJ., concur.