In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true, and the motion should be granted only if the facts as alleged do not fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Rietschel v Maimonides Med. Ctr., 83 AD3d 810 [2011]; Peterec-Tolino v Harap, 68 AD3d 1083, 1084 [2009]).
Here, the Supreme Court properly determined that the plaintiff failed to state a cause of action against the defendants *762 David H. Brown, Hindsight Biblical Counseling, and Hindsight Ministries, Inc. (hereinafter collectively the Brown defendants), to recover damages for negligence and professional malpractice, based upon allegations regarding the Brown defendants having provided the plaintiff with biblical counseling (see Langford v Roman Catholic Diocese of Brooklyn, 271 AD2d 494, 495-496 [2000]; cf. Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21-22 [2008]; Rodrigues-Lytwyn v Roman Catholic Diocese of Brooklyn, 79 AD3d 840, 841 [2010]; cf. also Dupree v Giugliano, 87 AD3d 975 [2011]; Coopersmith v Gold, 172 AD2d 982, 984 [1991]). Accordingly, the Supreme Court properly granted that branch of the Brown defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them.
Furthermore, the plaintiff failed to state a cause of action against the defendant Trinity Presbyterian Church to recover damages for negligent supervision (see Doe v Roman Catholic Diocese of Rochester, 12 NY3d 764, 765-766 [2009]; Rodrigues-Lytwyn v Roman Catholic Diocese of Brooklyn, 79 AD3d at 841; Spielman v Carrino, 77 AD3d 816, 818 [2010]). Accordingly, the Supreme Court properly granted the motion of the defendant Trinity Presbyterian Church pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it.
The Supreme Court providently exercised its discretion in denying the plaintiffs cross motion for leave to serve a second amended complaint, since the proposed second amended complaint was palpably insufficient and patently devoid of merit (see CPLR 3025 [b]; Putnam County Sav. Bank v Aditya, 91 AD3d 840, 841 [2012]; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1037 [2011]). Balkin, J.P., Chambers, Austin and Roman, JJ., concur.