■  30-40 East Main Street Bayshore, Inc., et al., Appellants, v Republic Franklin Insurance Co., et al., Respondents. [981 NYS2d 616]—

In an action, inter alia, to recover damages for breach of a contract of insurance, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), entered January 17, 2012, as denied their motion for leave to amend the complaint and denied their separate motion pursuant to CPLR 3124 to compel the defendants to comply with a document production request, and (2) from an order of the same court dated October 11, 2012, which denied their motion for leave to reargue their prior motions and to renew their prior motion for leave to amend the complaint.

Ordered that the appeal from so much of the order dated October 11, 2012, as denied that branch of the plaintiffs' motion

which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Lamacchia v Schwartz*, 94 AD3d 712 [2012]); and it is further,

Ordered that the order entered January 17, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 11, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint to add a claim for certain consequential damages. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where, as here, the proposed amendment is palpably insufficient or patently devoid of merit (*see Putnam County Sav. Bank v Aditya*, 91 AD3d 840 [2012]; *Stevens v Winthrop S. Nassau Univ. Health Sys., Inc.*, 89 AD3d 835 [2011]; *Scofield v DeGroodt*, 54 AD3d 1017 [2008]; *Lucido v Mancuso*, 49 AD3d 220 [2008]). Here, the inability of the plaintiffs to recover an attorney's fee, costs, and interest as consequential damages in this affirmative action against their insurer is clear and free from doubt (*see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 195 [2008]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *Stein, LLC v Lawyers Tit. Ins. Corp.*, 100 AD3d 622 [2012]).

Additionally, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew their motion for leave to amend the complaint. The plaintiffs' motion for leave to renew was not based upon new facts not offered on the prior motion that would change the prior determination (*see* CPLR 2221 [e] [2]; *Medina v New York City Health & Hosps. Corp. [Woodhull Med. & Mental Health Ctr.]*, 22 AD3d 814 [2005]).

Finally, the Supreme Court properly denied the plaintiffs' motion to compel the defendants to comply with a document production request since the plaintiffs failed to submit an affirmation of good faith pursuant to 22 NYCRR 202.7 (a) (2) (*see* 22 NYCRR 202.7 [c]; *Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908 [2013]; *Natoli v Milazzo*, 65 AD3d 1309 [2009]). In any event, denial of the motion was appropriate as the document production request sought irrelevant information, and was overbroad and burdensome (*see Montalvo v CVS Pharm., Inc.*, 102 AD3d 842 [2013]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Skelos, J.P., Dillon, Hall and Roman, JJ., concur.