In an action to recover damages for fraud and negligent misrepresentation, and for rescission of a loan modification agreement, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered March 14, 2013, which granted the defendants’ motion to dismiss the complaint pursuant to CFLR 3211 (a) (5) as barred by a general release and denied their cross motion for leave to serve an amended complaint asserting a cause of action alleging fraudulent inducement.
Ordered that the order is affirmed, with costs.
On or about December 21, 2006, the plaintiffs entered into a mortgage agreement with Mortgage Lenders Network USA, Inc. (hereinafter Mortgage Lenders). On or about February 7, 2007, the mortgage was assigned to Deutsche Bank National Trust Company (hereinafter Deutsche Bank). In April 2010, Deutsche Bank commenced a mortgage foreclosure action against the plaintiffs. In settlement of the foreclosure action, on September 7, 2010, the plaintiffs and Deutsche Bank executed a loan modification agreement.
Thereafter, the plaintiffs expressed dissatisfaction with the *916 terms of the loan modification agreement, and refused to comply with a term thereof that required them to execute a general release. Deutsche Bank moved in the foreclosure action to compel them to execute the general release, and the Supreme Court granted that motion in an order dated June 29, 2011. The plaintiffs signed a general release on July 28, 2011, which released all claims “by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE,” between the plaintiffs and Deutsche Bank, “its respective parent companies, subsidiaries, affiliates, agents, directors, officers, employees, members, owners, partners, principals, representatives, attorneys, predecessors, successors and assigns.” On August 2, 2011, the foreclosure action was discontinued by stipulation.
After making two payments pursuant to the loan modification agreement, the plaintiffs commenced this action against Deutsche Bank, Mortgage Lenders, and Bank of America, in October 2011, asserting causes of action alleging negligent misrepresentation and fraud, and seeking rescission of the loan modification agreement. The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the action based upon the general release. The plaintiffs cross-moved for leave to serve an amended complaint asserting a cause of action alleging fraudulent inducement, based upon allegations that Deutsche Bank falsely claimed that it owned the plaintiffs’ mortgage. The plaintiffs alleged that the assignment from Mortgage Lenders to Deutsche Bank dated February 7, 2007, was invalid because it was issued two days after Mortgage Lenders filed for bankruptcy protection on February 5, 2007. The plaintiffs further argued that when the mortgage assignment was executed on August 25, 2009, Mortgage Lenders “was already liquidated and called MLN Trust which was then the owner [ ] of the Mortgages.”
In the order appealed from, the Supreme Court granted the defendants’ motion on the ground, inter alla, that the action was barred by the general release, and denied the cross motion.
As a general rule, a general release which is part of a negotiated settlement bars causes of action alleging fraud based upon misrepresentations predating it (see Arfa v Zamir, 17 NY3d 737, 738-739 [2011]). However, a release may be set aside on any of the traditional bases for setting aside agreements, e.g., fraud and duress (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Farber v Breslin, 47 AD3d 873, 877 [2008]).
A party that releases a fraud claim may later challenge the *917 release as fraudulently induced “only if it can identify a separate fraud from the subject of the release” (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276). To make out a prima facie claim of fraud, the complaint must allege misrepresentation or concealment of a material fact, falsity, scienter on the part of the wrongdoer, justifiable reliance, and resulting injury (see Liling v Segal, 220 AD2d 724, 726 [1995]).
Here, the alleged fraud which induced the plaintiffs to execute the release was that the defendants allegedly misrepresented that Deutsche Bank owned the mortgage and had standing to foreclose the mortgage obligation. These allegations were based upon alleged misrepresentations which predated the release, and were not separate from the subject of the release. In any event, the plaintiffs did not plead justifiable reliance in their proposed amended complaint, which was a fatal defect. The cross motion for leave to serve an amended complaint was properly denied on the ground that the proposed amended complaint was palpably insufficient and patently devoid of merit (see Young v Brown, 113 AD3d 761 [2014]).
The plaintiffs’ remaining contentions are without merit. Rivera, J.E, Leventhal, Hinds-Radix and Maltese, JJ., concur.