Gristede's Foods, Inc. v Madison Capital Holdings LLC (2019 NY Slip Op 05628)





Gristede's Foods, Inc. v Madison Capital Holdings LLC


2019 NY Slip Op 05628


Decided on July 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2019

Friedman, J.P., Richter, Tom, Oing, Moulton, JJ.


9856 651811/15

[*1]Gristede's Foods, Inc., Plaintiff-Appellant,
v
Madison Capital Holdings LLC, et al., Defendants-Respondents.


Moses & Singer LLP, New York (David Lackowitz of counsel), for appellant.
Cole Schotz P.C., New York (Jason R. Melzer of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about August 9, 2017, which granted defendants' motion to dismiss the first, second and third causes of action, unanimously affirmed, with costs.
Defendant Madison Capital Holdings LLC purchased lease "designation rights," i.e., the right to designate one or more assignees, for a sub-sublease with plaintiff, from a bankruptcy estate. It then assigned the sub-sublease to defendant MC Long Term Holdings, LLC, an entity formed by Madison's principal, defendant J. Joseph Jacobson. MC Long Term defaulted on its obligations under the sub-sublease, and plaintiff brought this action asserting, as relevant on appeal, claims of fraudulent misrepresentation against Madison and Jacobson, negligent misrepresentation against Madison, and piercing the corporate veil against all defendants.
In support of the fraudulent misrepresentation claim, the complaint alleges that the "adequate assurance" information about MC Long Term prepared by defendants and annexed as an exhibit to the bankruptcy court order approving the assignment of the sub-sublease to MC Long Term misled plaintiff into believing that Madison or Jacobson would provide financial stability to MC Long Term. Plaintiff appears to have inferred far more from this exhibit than the facts warrant. The information sheet merely states that MC Long Term is a limited liability company "owned and managed by the principals of Madison Capital," and gives Madison Capital's principal's (Jacobson's) contact information. Moreover, plaintiff could have discovered its misunderstanding about defendants' relationships, if any, through due diligence (see Arfa v Zamir, 76 AD3d 56, 59 [1st Dept 2010], affd 17 NY3d 737 [2011]).
The complaint fails to state a cause of action for negligent misrepresentation against Madison for the same reasons: no misrepresentation is alleged, and, in any event, reasonable reliance is not alleged (see J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]).
We evaluate the claim for piercing the corporate veil under the law of Delaware, the state of Madison Capital's incorporation (Klein v CAVI Acquisition, Inc., 57 AD3d 376, 377 [1st Dept 2008]). Under Delaware law, the corporate veil may be pierced, "in the interest of justice, when such matters as fraud, contravention of law or contract, public wrong, or where equitable consideration among members of the corporation require it, are involved" (Pauley Petroleum Inc. v Continental Oil Co., 239 A2d 629, 633 [Del 1968]). Plaintiff argues that a garden variety breach of contract can constitute the "injustice" element of this test. However, while "[a]ny breach of contract and any tort . . . is, in some sense, an injustice, [o]bviously this type of injustice' is not what is contemplated by the common law rule that piercing the corporate veil is appropriate only upon a showing of fraud or something like fraud" (Mobil Oil Corp. v Linear Films, Inc., 718 F Supp 260, 268 [D Del 1989] [emphasis added]). As the motion court correctly dismissed the causes of action based upon alleged misrepresentations, and the only claim that remains is the breach of contract claim, the veil-piercing claim, too, was correctly dismissed.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 11, 2019
CLERK