Steven B. v Westchester Day Sch. (2021 NY Slip Op 04476)





Steven B. v Westchester Day Sch.


2021 NY Slip Op 04476


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-05444
 (Index No. 63892/19)

[*1]Steven B. (Anonymous), appellant, 
v
Westchester Day School, et al., respondents.


Michael G. Dowd (Sweeney Reich & Bolz LLP, Lake Success, NY [Gerard J. Sweeney and Michael Reich], of counsel), for appellant.
Fullerton Beck, LLP, White Plains, NY (Edward J. Guardaro, Jr., of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated May 13, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent failure to provide a safe and secure environment.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action asserting causes of action alleging negligent supervision, negligent retention, and negligent failure to provide a safe and secure environment. The plaintiff alleged that in 1972, while he was a student at Westchester Day School (hereinafter WDS), he was sexually abused by Stanley Rosenfeld, an educator employed at WDS. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent failure to provide a safe and secure environment. In an order dated May 13, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), we afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see id. § 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661, 662).
Contrary to the plaintiff's contention, the Supreme Court properly directed the dismissal of the cause of action alleging negligent failure to provide a safe and secure environment, which, in effect, alleged liability under a theory of premises liability, as the complaint alleged that the sexual abuse occurred at Rosenfeld's apartment and not on WDS's premises (see generally Tarnaras v Farmingdale School Dist., 264 AD2d 391, 391-392). Moreover, the court properly directed the dismissal of that cause of action as duplicative since it arose from the same facts as the negligent supervision and negligent retention causes of action and does not allege distinct damages (see Gale v Animal Med. Ctr., 108 AD3d 497, 498-499; Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837, 839; Mecca v Shang, 258 AD2d 569, 570).
Accordingly, the Supreme Court properly granted the defendants' motion.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court