Robert S. v New York Archdiocese (2025 NY Slip Op 51293(U))

[*1]

Robert S. v New York Archdiocese

2025 NY Slip Op 51293(U)

Decided on August 18, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 18, 2025
Supreme Court, New York County

Robert S., Plaintiff,

against
New York Archdiocese, FR. EUGENE WEEKS, THE FOUNDATION OF THE ROMAN CATHOLIC DIOCESE OF NEW YORK, INC., ST. CLAIRE'S CATHOLIC CHURCH, CARDINAL TIMOTHY DOLAN, Defendant.

Index No. 100866/2021

Kenneth Ross for St. Claire's Catholic Church
Isaac Netzer for New York Archdiocese and Cardinal Timothy Dolan
Nia Cholakis for Plaintiff

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 28 were read on this motion to DISMISS.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 were read on this motion for DISMISSAL.
Two separate motions are before the court. Defendant St. Clare's Catholic Church ("
St Clare's") moves, pursuant to CPLR § 3211(a)(7), for dismissal of six causes of action asserted in Plaintiff' Robert S.'s ("Plaintiff") amended complaint, namely assault and battery (Second Cause of Action), negligent supervision (Fourth Cause of Action), breach of fiduciary duty (Fifth [*2]Cause of Action), intentional infliction of emotional distress ("IIED")(Sixth Cause of Action), negligent infliction of emotional distress ("NIED")(Seventh Cause of Action), and breach of special relationship (Eighth Cause of Action). In a separate motion, Defendants Archdiocese of New York (the "Archdiocese") and Cardinal Timothy Dolan ("Cardinal Dolan")[FN1]
likewise seek dismissal of those same six causes of action as against the Archdiocese, and further seek complete dismissal of the complaint against Cardinal Dolan in his individual capacity. Plaintiff opposes both motions in all respects.
BACKGROUND AND PROCEDURAL HISTORY
Plaintiff commenced this action on July 19, 2021, under the Child Victims Act ("CVA"), CPLR § 214-g, and filed an amended complaint on August 10, 2021. He alleges that, beginning at the age of seven and continuing until the age of eleven, he was sexually abused and later physically beaten and subjected to corporal punishment by Father Eugene Hicks ("Father Hicks"), a priest who resided at St. Clare's rectory in Staten Island and served under the jurisdiction of the Archdiocese. Plaintiff contends that the abuse commenced with unpermitted sexual contact at ages seven and eight and continued with physical abuse until age eleven.
According to the complaint, Father Hicks wielded significant influence over students at St. Clare's Catholic School and acted with the apparent authority of the Archdiocese. Plaintiff alleges that both the Archdiocese and St. Clare's were on notice of Father Hicks's misconduct due to prior complaints from other victims, yet failed to take any action to remove him from ministry or otherwise protect children in their care. Plaintiff asserts that he later met personally with Cardinal Edward Egan ("Cardinal Egan"), a predecessor to Cardinal Dolan, who allegedly confirmed that Church officials had prior knowledge of Father Hicks's misconduct and nevertheless permitted him to remain in ministry. Despite settlements paid by the Church to other alleged victims of Father Hicks, Plaintiff further alleges that a building at St. Clare's remains named in Father Hicks's honor, a fact he contends reflects the institution's continued indifference to survivors, even during Cardinal Dolan's tenure.
The Archdiocese and Cardinal Dolan moved to dismiss the complaint in 2021. St. Clare's filed its own motion to dismiss more than three years later in March 2025. Both motions are now before the court for resolution.

ARGUMENTS

Defendants collectively argue that the complaint fails to state legally cognizable claims. As to assault and battery, they contend that such claims, when premised on vicarious liability, cannot be maintained because sexual abuse is invariably deemed a departure from the scope of employment and motivated by wholly personal reasons, thereby precluding application of respondeat superior. With respect to negligent supervision, defendants assert that the claim is duplicative of negligence and fails to allege facts establishing that the Archdiocese or St. Clare's had notice of Father Hicks's dangerous propensities. Defendants further maintain that the claims for breach of fiduciary duty and breach of special relationship are duplicative of negligence and not independently recognized absent a unique or special relationship, which Plaintiff has not [*3]alleged. They also argue that Plaintiff's emotional distress claims—both intentional and negligent—are duplicative of negligence and cannot proceed where no distinct damages are pleaded.
The Archdiocese and Cardinal Dolan additionally argue that all claims against Cardinal Dolan individually must be dismissed. They emphasize that Dolan did not become Archbishop until 2009, decades after the alleged abuse occurred in the 1970s, and that Plaintiff has pleaded no facts connecting Cardinal Dolan to Father Hicks or to the events at issue. They rely on case law dismissing similar claims against bishops or cardinals who assumed office long after the relevant period.
St. Clare's separately asserts that its motion is procedurally proper despite being filed more than three years after the amended complaint, while Plaintiff contends that the motion is untimely under CPLR § 3211(e).
In opposition, Plaintiff argues that his allegations are sufficient under New York's liberal pleading standards. He maintains that he has alleged in detail the location, approximate timeframe, and nature of the abuse, as well as facts showing institutional knowledge, including Cardinal Egan's admissions. Plaintiff contends that these allegations are sufficient to sustain a negligent supervision claim and that dismissal at the pleading stage would contravene the remedial purpose of the CVA. As to Cardinal Dolan, Plaintiff asserts that his continued failure to address the legacy of Father Hicks, including maintaining a building named in his honor, perpetuates ongoing harm and makes Cardinal Dolan a proper defendant. Finally, Plaintiff argues that his emotional distress is unique, distinct, and ongoing, and that his fiduciary duty and special relationship claims are supported by the extreme vulnerability of a young child subjected to a priest's authority.

DISCUSSION

On a motion to dismiss pursuant to CPLR § 3211(a)(7) for failure to state a cause of action, the court must afford the pleadings a liberal construction, accept the facts alleged in the complaint as true, and accord the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]; JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 764 [2015]). The inquiry at this stage is generally limited to an assessment of the legal sufficiency of the pleadings, the Court's role being confined to determining whether the facts as alleged fit within any cognizable legal theory (JF Capital Advisors, 25 NY3d at 764, supra).
However, dismissal is warranted where the complaint rests upon bare legal conclusions lacking factual specificity (Godfrey v Spano, 13 NY3d 358, 373 [2009]), or where the statements therein are insufficiently particular to apprise the court and the parties of the transactions or occurrences intended to be proven (see CPLR § 3013; Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 31 NY3d 1090, 1091 [2018]). As courts have cautioned, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Garber v Board of Trustees of State Univ. of NY, 38 AD3d 833, 834 [2d Dept 2007], quoting Maas v Cornell Univ., 94 NY2d 87, 91 [1999]).
CPLR § 3013 explicitly provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations, without more, are inadequate to withstand a [*4]motion to dismiss (see DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236, 239 [2d Dept 1984]; Fowler v American Lawyer Media, Inc., 306 AD2d 113, 113 [1st Dept 2003]; Sheriff v Murray, 33 AD3d 688 [2d Dept 2006]). Where the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is required (see Schuckman Realty v Marine Midland Bank, N.A., 244 AD2d 400, 401 [2d Dept 1997]; O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn., 95 AD2d 800, 800 [2d Dept 1983]).
Here., as a threshold matter, the court notes that St. Clare's filed its motion to dismiss more than three years after Plaintiff filed his amended complaint. CPLR § 3211(e) requires that such a motion be made before service of a responsive pleading, and absent leave or good cause, such delay may render the motion untimely. Nevertheless, because the Archdiocese has timely moved on the same grounds and because the arguments go to the sufficiency of the pleadings, the court, in the interest of judicial economy, addresses the merits of both motions together (see Rovello v. Orofino Realty Co., 40 NY2d 633 [1976]).
I. Assault and Battery
Turning first to Plaintiff's cause of action for assault and battery, the court concludes that dismissal is required. The Court of Appeals has made clear that acts of sexual abuse by an employee or agent are considered a clear departure from the scope of employment and are committed for wholly personal reasons, thereby precluding vicarious liability under the doctrine of respondeat superior (see N.X. v. Cabrini Med. Ctr., 97 NY2d 247 [2002]); Judith M. v. Sisters of Charity Hosp., 93 NY2d 932 [1999]; Adams v. New York City Transit Auth., 88 NY2d 116 [1996]). Trial and appellate courts have consistently applied this principle to sexual abuse cases involving clergy and teachers (see Mazzarella v. Syracuse Diocese, 100 AD3d 1384 [4th Dept. 2012]); Torrey v. Portville Cent. Sch., 66 Misc 3d 1225(A) [Sup. Ct. Cattaraugus Cty. 2020]; Gallagher-Smith v. Diocese of Rockville Ctr., Index No. 611155/2019 [Sup. Ct. Nassau Cty. 2020]). Accordingly, Plaintiff's vicarious liability claims for assault and battery cannot be sustained against either St. Clare's or the Archdiocese.
II. Negligent Supervision
By contrast, the claim for negligent supervision stands on a different footing. It is well settled that an employer may be held liable for negligent supervision or retention if it knew or should have known of the employee's propensity for the conduct that caused the harm (see Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161 [2d Dept 1997]). Here, Plaintiff alleges that Church officials, including Cardinal Egan, expressly acknowledged that Father Hicks had engaged in sexual misconduct with other children prior to Plaintiff's abuse. He further alleges that despite such knowledge, Defendants permitted Father Hicks to remain in ministry and in contact with children. Accepting these allegations as true, as the court must on a motion to dismiss, they suffice to state a cause of action for negligent supervision. The Fourth Cause of Action will therefore proceed against both St. Clare's and the Archdiocese.
III. Breach of Fiduciary Duty and Special Relationship
Plaintiff's causes of action for breach of fiduciary duty and breach of special relationship, [*5]however, must be dismissed. New York courts have repeatedly held that such claims are duplicative of negligence and not independently actionable unless a plaintiff pleads a unique or distinct relationship beyond that of parishioner and church (see Marmelstein v. Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15 [2008]; Doe v. Holy See (State of Vatican City), 17 AD3d 793 [3d Dept 2005], lv denied 6 NY3d 707 [2006]; Doe v. Diocese of Rochester, 12 NY3d 764 [2009]). In cases involving nearly identical allegations, courts have dismissed fiduciary duty claims as redundant of negligence (see e.g. John SZ v. Archdiocese of NY, 2021 NY Slip Op 32490(U) [Sup. Ct. NY Cty. Oct. 26, 2021, Kaplan, J.]). Plaintiff's allegations here, while grave, do not establish the kind of singular relationship necessary to sustain such claims.
IV. Intentional and Negligent Infliction of Emotional Distress
The claims for intentional and negligent infliction of emotional distress must also be dismissed. Courts have long held that such claims cannot be maintained where they are based on the same facts as negligence and do not allege distinct damages (see Wolkstein v. Morgenstern, 275 AD2d 635 [1st Dept 2000]; Steven B. v. Westchester Day Sch., 196 AD3d 624 [2d Dept 2021]; Demas v. Levitsky, 291 AD2d 653 [3d Dept 2002]). Although Plaintiff understandably characterizes his injuries as severe and ongoing, those injuries are encompassed within his surviving negligence-based claim and do not warrant separate emotional distress causes of action.
V. Claims Against Cardinal Dolan
Finally, the court turns to the claims asserted against Cardinal Dolan. All such claims must be dismissed. The alleged abuse occurred in the 1970s, whereas Cardinal Dolan did not assume leadership of the Archdiocese until 2009. Plaintiff has pleaded no facts linking Cardinal Dolan personally to Father Hicks or to the events at issue. As other courts have held, bishops and cardinals cannot be held individually liable for abuse that occurred long before their tenure absent specific allegations of personal involvement (see J.D. v. Diocese of Brooklyn, 2021 NY Slip Op 31444(U) [Sup. Ct. Kings Cty. 2021, Silver. J] reversed on other grounds, 203 AD3d 880 [2d Dept 2022]). While the court does not discount Plaintiff's contention that the continued existence of a building named after Father Hicks may exacerbate his pain, such allegations, standing alone, do not constitute actionable tortious conduct by Cardinal Dolan. The complaint is therefore dismissed in its entirety as against him.
The court's conclusion that Plaintiff's negligent supervision claim must proceed is reinforced by the remedial purpose of the CVA. The Legislature enacted the CVA in recognition that survivors of child sexual abuse often delay disclosure due to trauma, fear, and institutional concealment. By creating a revival window, the Legislature intended to afford survivors a meaningful opportunity to pursue claims that had long been time-barred. Courts have repeatedly emphasized that this remedial purpose counsels against dismissal at the pleading stage where plaintiffs allege institutional knowledge and failure to protect children (see S.H. v. Diocese of Brooklyn, 205 AD3d 180, 184 [2d Dept 2022]). To dismiss Plaintiff's negligent supervision claim now would risk undermining the very legislative policy that undergirds the CVA.
In the Bill Jacket accompanying the CVA (L. 2019, ch. 11), the Senate sponsor's [*6]memorandum declared that "for too long, survivors of child sexual abuse have been denied their day in court because of artificial and unfair time limits." Similarly, during floor debates, legislators emphasized that the revival window was necessary to allow "hidden wrongs" to come to light and to hold institutions accountable for systemic failures to protect children (see NY Senate Debate on Senate Bill S2440, Jan. 28, 2019, at 336—342). In light of these principles, and consistent with the liberal construction mandated by CPLR § 3026, the court declines to foreclose Plaintiff's opportunity to prove his allegations through discovery.
In so holding, the court emphasizes that its role is not to pass moral judgment on institutions or individuals, but to apply the law faithfully, neutrally, and without passion or prejudice. The judiciary's obligation is to measure the sufficiency of the pleadings against established legal standards and to honor the Legislature's explicit command that survivors of childhood sexual abuse be afforded their day in court. The court's determination reflects not sympathy nor indignation, but adherence to precedent, statutory text, and legislative intent. Justice requires no less.
For the foregoing reasons, and consistent with the applicable law, it is hereby
ORDERED that the motion of Defendant St. Clare's Catholic Church is granted in part and denied in part, such that the causes of action for assault and battery (Second Cause of Action), breach of fiduciary duty (Fifth Cause of Action), intentional infliction of emotional distress (Sixth Cause of Action), negligent infliction of emotional distress (Seventh Cause of Action), and breach of special relationship (Eighth Cause of Action) are dismissed as against St. Clare's, but the cause of action for negligent supervision (Fourth Cause of Action) shall proceed; and it is further
ORDERED that the motion of Defendants Archdiocese of New York and Cardinal Timothy Dolan is granted in part and denied in part, such that all claims against Cardinal Dolan are dismissed in their entirety, and the causes of action for assault and battery (Second Cause of Action), breach of fiduciary duty (Fifth Cause of Action), intentional infliction of emotional distress (Sixth Cause of Action), negligent infliction of emotional distress (Seventh Cause of Action), and breach of special relationship (Eighth Cause of Action) are dismissed as against the Archdiocese, but the cause of action for negligent supervision (Fourth Cause of Action) shall proceed against the Archdiocese; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment in Defendant St. Clare's Catholic Church and Defendants Archdiocese of New York and Cardinal Timothy Dolan favor accordingly; and it is further
ORDERED that the parties shall proceed with discovery forthwith with respect to the surviving claims.
This constitutes the decision and order of the court.
DATE 8/18/2025
HASA A. KINGO, J.S.C.

Footnotes

Footnote 1:At various points in the court's decision, the parties seeking dismissal are referred to collectively as "defendants."