PC-15 Doe v Lawrence Union Free Sch. Dist. (2025 NY Slip Op 05694)

PC-15 Doe v Lawrence Union Free Sch. Dist.

2025 NY Slip Op 05694

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-02661
 (Index No. 900108/20)

[*1]PC-15 Doe, appellant, 
v
Lawrence Union Free School District, et al., respondents, et al., defendant.

Phillips & Paolicelli, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
McGivney, Kluger, Clark & Intoccia, P.C., New York, NY (Gary J. Intoccia and Mindy Kallus of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered February 26, 2024. The order, insofar as appealed from, granted those branches of the motion of the defendants Lawrence Union Free School District and Lawrence Primary School which were for summary judgment dismissing the first through fourth causes of action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Lawrence Union Free School District and Lawrence Primary School which were for summary judgment dismissing the first and second causes of action insofar as asserted against the defendant Lawrence Union Free School District, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2020, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against Lawrence Union Free School District (hereinafter the District), Lawrence Primary School (hereinafter together the defendants), and another defendant, asserting causes of action against those defendants alleging, inter alia, negligent hiring, retention, training, and supervision (first and second causes of action), negligent infliction of emotional distress (third cause of action), and negligence based on a theory of premises liability (fourth cause of action). The plaintiff alleged that for two years, starting when the plaintiff was 11 or 12 years old, a custodian employed by the District (hereinafter the custodian) repeatedly sexually abused the plaintiff in elementary and junior high school buildings after school and on weekends, and also at the custodian's home.
After discovery, the defendants moved, inter alia, for summary judgment dismissing the first and second causes of action on the ground that the District did not have actual or constructive notice of the abuse or of the custodian's alleged propensity to engage in such conduct and the third and fourth causes of action as duplicative of the first and second causes of action. In an order entered February 26, 2024, the Supreme Court, among other things, granted those branches [*2]of the defendants' motion. The plaintiff appeals.
Initially, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lawrence Primary School, as it was undisputed that Lawrence Primary School is not a legal entity capable of being sued (see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 832).
As to the District, "[a]lthough an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635 [citations and internal quotation marks omitted]). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984).
Here, the defendants' evidence included testimony given by the plaintiff during his deposition that he was abused more than 30 times over two years, that there were several other students who were similarly abused, and that another custodian employed by the District, with whom the subject custodian shared his shift, was present in the elementary school building after hours and on weekends and saw the plaintiff on every occasion that he was alone with the custodian in the building. Thus, contrary to the defendants' contention, they failed to establish, prima facie, that the District lacked constructive notice of the custodian's alleged abusive propensities and conduct (see Trunco v Eastport-South Manor Cent. Sch. Dist., 238 AD3d 929, 932; Hammill v Salesians of Don Bosco, 228 AD3d 738, 740).
Since the defendants failed to meet their prima facie burden on those branches of their motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against the District, the Supreme Court should have denied those branches of the motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligent infliction of emotional distress and negligence based on the theory of premises liability insofar as asserted against the District, as these causes of action were duplicative of the first and second causes of action (see Redd v Brooklyn Friends Sch., 238 AD3d 1181, 1184; Steven B. v Westchester Day Sch., 196 AD3d 624, 625).
To the extent that the plaintiff contends that this Court should search the record and grant him summary judgment on the issue of liability, that contention is without merit.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court